UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 24-cr-20250-1
    Honorable Linda V. Parker

D-1 DONNELL LEMAN SIMS

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE (ECF No. 76)

This matter is presently before the Court on Donnell Sims' (hereinafter "Defendant") motion to modify his bond conditions to allow him to obtain employment pending trial.  (ECF No. 76.)  The Government opposes the motion.  (ECF No. 82.)  For the reasons set forth below, Defendant's motion is granted.

### Factual Background

On May 6, 2024, Defendant appeared before Magistrate Judge Kimberly Altman for a detention hearing on charges related to the robbery of a pharmacy. (ECF No. 51.)  No weapons were used in the commission of the robbery.  Judge Altman ordered Defendant released on a $10,000 unsecured bond and limited his release to Home Detention.  (ECF Nos. 50, 51.)  Pursuant to the release order, Home Detention restricts Defendant to his residence at all times except for

employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; and essential leave that may be granted by his supervising officer. (ECF No. 50 at PageID. 70.)[1]

The Government appealed Judge Altman's release order to the Hon. Susan K. DeClercq, U.S.D.J., the presiding judge on duty. (ECF No. 53.) Judge DeClercq affirmed the release order but elevated Defendant's status from Home Detention to Home Incarceration. (*Id.*) Where Home Detention permitted Defendant to leave his home for the limited circumstances previously identified, Home Incarceration restricts him to "24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the Court." (*Id.* at PageID. 79.)

On May 8, 2024, Defendant and five others were charged in a three-count indictment for their role in the pharmacy robbery. (ECF No. 54.) Thereafter, this

---

[1] Other conditions of Defendant's release required him to: (1) report as directed to the Pretrial Services Agency; (2) restrict his travel to the Eastern District of Michigan; (3) avoid all contact with co-defendants; (4) obtain medical or mental health treatment as directed by his supervising officer; (5) reside at the address listed on his bond order and any changes must be pre-approved by his supervising officer; (6) not possess any firearms or dangerous weapons; (7) not use any alcohol or drugs; (8) submit to random testing required by his supervising officer; (9) participate in a substance abuse program if directed by his supervising officer; and (10) submit to GPS location monitoring. (ECF No. 50 at PageID. 69-71.)

2

matter was assigned to the undersigned. (*See* Case No. 2:24-mj-30161, May 8, 2024 Text-Entry.)

## Parties' Arguments

Defendant now moves to modify his bond conditions pursuant to 18 U.S.C. § 3142(c) to allow him to obtain employment pending trial. (ECF No. 76.) He argues that he wants to find employment to not be a financial burden on his family. (*Id.* at PageID. 125.)

The Government and Pretrial Services oppose the request. In opposition, the Government advances two arguments: (1) this Court lacks authority to review Judge DeClercq's release order under 18 U.S.C. § 3145(a); and (2) modification of Defendant's bond conditions are not warranted because Defendant poses a danger to the community. (ECF No. 82 at PageID. 149-51.)

## **Legal Standard**

"The Bail Reform Act allows both defendants and the Government to file motions to amend conditions of the defendant's pretrial release." *United States v. Bartlett*, No. 23-cr-20676, 2024 WL 1715397, at *10 (E.D. Mich. Apr. 22, 2024) (citing 18 U.S.C. § 3145(a)). The Bail Reform Act reads, in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
> . . .
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

3

18 U.S.C. § 3145(a)(2).

## Legal Analysis

i.  Authority under the Bail Reform Act

As it relates to the Government's first argument, it misstates the law. The Government argues that since the Eastern District of Michigan has original jurisdiction over the offense, and Defendant was released by Judge DeClercq, who is a judge of the Eastern District of Michigan, the statute does not give the undersigned the authority to review or amend his release order. (ECF No. 82 at PageID. 150.) This is because, as the Government argues, Defendant was not released by "a person *other than* a judge" of the court having original jurisdiction over the offense. (*Id.* (emphasis added).)

The Government, in essence, argues that Defendant's release order could only be reviewed if it were issued by a judge from a different district. *See, e.g., United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003) (affirming revocation of a release order where the defendant was granted bond by a United States Magistrate Judge in the District of Arizona but the release order was revoked by a United States District Judge in the District of New Mexico, where the defendant had been indicted and was awaiting trial, after new evidence of her dangerousness and risk of flight had been presented).

Defendant was released by Judge Altman, a United States Magistrate Judge. While Judge DeClercq heard the appeal of Judge Altman's release order, and applied *de novo* review, Defendant was released by a magistrate judge for purposes of the statute. Therefore, Defendant is a person "ordered released by a magistrate judge" and can move to amend his release order pursuant to the statute. 18 U.S.C. § 3145(a)(2).

Moreover, the Government's argument that the Court lacks authority to review release orders ignores the authority prescribed to the Court under the Bail Reform Act to, at any time, amend a release order. *See* 18 U.S.C. § 3142(c)(3); *see also United States v. Mays*, No. 23-cr-20521, 2024 WL 2863246, at *10 (E.D. Mich. June 6, 2024) (quoting 18 U.S.C. § 3142(c)(3)) ("The Court may at any time amend an order specifying bond conditions 'to impose additional or different conditions of release.'"). Thus, the undersigned has the authority under both portions of the statute to review and amend Defendant's release order.

ii. Defendant's Risk of Danger

Next, the Government argues that an amendment to Defendant's bond conditions is not warranted because he poses a significant danger to the community. By no means does this Court minimize the seriousness of the crimes alleged in the indictment, however, the Government's argument falls flat. At this stage, Defendant has appeared before Judge Altman for a detention hearing, who

5

considered his dangerousness, and approved his release. Thereafter, he appeared before Judge DeClercq on appeal, who also considered his dangerousness and approved his release.

This Court has reviewed this matter in detail and is not convinced that Defendant poses a significant danger to the community to warrant detention or denial of an amendment to his release conditions. As stated above, no weapons were used during the robbery.

   iii.   <u>The Proposed Amendment</u>

As it relates to his proposed amendment to allow for working conditions, to demonstrate that an amendment to a bond condition is merited, Defendant must comply with the Bail Reform Act's requirement to provide new information that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Mays*, 2024 WL 2863246, at *10 (quoting 18 U.S.C. § 3142(f)(2)).

The Court finds that Defendant has met this standard. Defendant's employment was briefly mentioned at his detention hearing, as he was recently released from prison and has had intermittent employment between his release and his arrest on these charges. At the hearing, Defendant's employment history was

considered as a factor under § 3142(g) but was not considered for purposes of his release pending trial or bond conditions.

The Court finds that Defendant's desire to seek employment pending trial to be new information consistent with the requirements of the Bail Reform Act. The Court further finds that amending Defendant's release conditions to allow for him to seek employment within the Eastern District of Michigan is consistent with the Bail Reform Act's goal of fashioning the least restrictive conditions that will reasonably assure his appearance when required and the safety of the community.

## Conclusion

For the reasons set forth above, the Court finds that the undersigned has authority to amend Defendant's release order. The Court further finds that Defendant has presented new information to warrant amendment of his release order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to modify his pretrial release conditions (ECF No. 76) is **GRANTED**.

**IT IS FURTHER ORDERED** that Pretrial Services shall modify Donnell Sims' release order to allow him to seek and maintain employment in the Eastern District of Michigan consistent with this opinion.

**IT IS FURTHER ORDERED** that Defendant's condition of GPS monitoring shall continue.

**IT IS FURTHER ORDERED** that no other conditions of Defendant's release order shall be modified.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: July 1, 2024